## Dickson, Appellant, *v*. Fertig.

*Oil and gas lease—Royalties—Deed—Reservation.*

Where a person owning a one-half interest in land conveys such one half reserving "the one-fourth part of all oil, gas or other minerals in, under, or upon said land," and thereafter executes an oil lease by which the lessee covenants to deliver to the lessor "one eighth of all the oil produced from the one-quarter interest of said first party, or, in other words, the one fourth of one eighth royalty he may produce from said land," the lessor is not entitled to the one-thirty-second part of all the oil produced upon the entire property, but only to a one thirty-second of a half interest in the property.

Argued May 20, 1902. Appeal, No. 142, April T., 1902, by plaintiff, from judgment of C. P. Crawford Co., on verdict for plaintiff, in case of H. M. Dickson, Administrator of George C. Ewing, Deceased, v. John Fertig and W. C. Warner, trading as National Oil Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on an oil lease. Before THOMAS, P. J.

The opinion of the Superior Court states the case.

Plaintiff presented this point:

That by the terms of the lease made by George C. Ewing to John F. Proper, which is the basis of this suit, there was reserved a royalty of one fourth of one eighth (or in other words, one-thirty-second) part of all the oil the lessee, or his assigns, might produce from the land therein described. *Answer:* This point is refused. ·[1]

The court charged in part as follows:

[We say to you that all the plaintiff is entitled to recover in this is one sixty-fourth of the amount of oil brought to the top of the ground on the premises, and that was to be delivered to him in the pipe lines. If it has not been so done he is entitled to recover the value of the oil at the time it should have been delivered, together with interest on that value from that date until the present time.

Some evidence as to the amount and value thereof has been offered and a computation has been made, which the parties

will send out to you. There was a statement as I understand it offered, showing that the contention of the plaintiff was for one-thirty-second interest in the amount agreed upon. We say to you that is twice as much as they were entitled to, that they are entitled to no more than one-sixty-fourth interest.] [4]

Verdict and judgment for plaintiff for $399.68. Plaintiff appealed.

*Errors assigned* were (1, 4) above instructions, quoting them.

*F. W. Hays,* with him *Julius Byles,* for appellant.—The learned court erred in holding that the extent of Ewing's interest in the leased premises was of controlling force in determining the amount of the liability of the lessee or his assigns. There being no allegation of deception, misrepresentation or fraud on the part of Ewing, and the defendants having accepted from Proper the transfer of the Ewing lease, they cannot deny their liability to pay whatever royalty is reserved by its terms : Thayer v. Society of United Brethren, 20 Pa. 60 ; Ward v. Philadelphia, 18 W. N. C. 561 (6 Atl. Repr. 263) ; Means v. Associated Reformed Presbyterian Church, 3 W. & S. 303.

*Samuel Grumbine,* with him *John J. Henderson,* for appellees.

The reservation was ambiguous, uncertain and inconsistent with the other portions of the lease, and the court could not construe it, without ascertaining the interest of the lessor in the land : Centenary M. E. Church v. Clime, 116 Pa. 146 ; Leggoe & Co. v. Mayer, 2 Pa. Superior Ct. 529.

When Ewing excepted one-fourth part of the oil in " said land," it was the one fourth of what he had, which was the undivided one half. He could not except anything from the whole, and " said land " could have reference only to the property or interest of the grantor : Whitaker v. Brown, 46 Pa. 197 ; Kister v. Reeser, 98 Pa. 1 ; Case v. Haight, 3 Wend. 632 ; Earl of Cardigan v. Armitage, 2 Barn. & Cress. 197 ; Bryan v. Bradley, 16 Conn. 481.

OPINION BY BEAVER, J., October 13, 1902:

By an agreement of counsel, it was admitted " that the said George C. Ewing acquired title to the undivided one half of

the land in Harmony township, Forest county, Pennsylvania, by deed described and referred to in plaintiff's declaration in this case, from Henry C. Ewing, dated November 19, 1867, duly recorded." This agreement was offered for the purpose of showing the extent of Ewing's title and was so admitted in evidence.

On May 31, 1887, Ewing and wife conveyed the undivided one half of the said tract of land to Samuel R. Lyon, which deed contains the following exception or reservation : " Excepting and reserving, nevertheless, to the party of the first part, their heirs and assigns, the one-fourth part of all oil, gas or other minerals in, under or upon said land, with the right of way of ingress, egress and regress over and upon said land for mining purposes and the production, search and boring for oil on said described premises as fully to all intents and purposes as if this deed had not been made."

Subsequently the said Ewing made a lease of his interest in the said land to J. F. Proper, which said lease contains, among others, the following clause : " Fourth. To deliver to the first party in pipe lines free of charge one eighth of all the oil produced from the one-quarter interest of said first party, or, in other words, the one fourth of one-eighth royalty he may produce from said land."

Plaintiff claims that under this clause in the said lease he is entitled to the one thirty-second part of all the oil produced upon the entire property, instead of the one thirty-second of the half interest of the said George C. Ewing, the lessor.

Whatever Ewing's intention may have been, it is clear that he could not, by virtue of his lease to Proper, create an estate greater than that which he held. It is also clear that by the exception or reservation in his deed to Lyon " from said land," he referred to the land conveyed, which was an undivided half. The interest in the lease to Proper is measured by the reservation in the deed to Lyon. That reservation is governed by the amount conveyed. The amount conveyed is determined by the estate which Ewing held. Proper's interest under the lease, therefore, was the one eighth of the one fourth of the one half. This is what the defendants were liable to pay under the lease to Proper, assigned to them, and was all that the plaintiff had the right to reserve or to claim in the present suit. The appellant's statement of the question involved looks like a very

simple arithmetical proposition, but it omits the determining factor of the extent of the estate held by Ewing. The plaintiff was entitled to the one sixty-fourth of the oil produced under the lease to Proper. For this, concerning the amount of which there is no dispute, judgment was entered and that judgment is now affirmed.